reasonable fees and disbursements. He cited Section 987 of the Penal Code; *Carpenter* v. *Dane*, 9 Wis. 274; *Dane* v. *Smith*, 13 Id. 585; *Commissioners* v. *Raney*, 13 Ohio 388; *People ex rel. Howard* v. *Supervisors of Albany*, 28 Howard's Pr. R. 22; *Wicker* v. *Cedar County*, 1 Green 221; *Hall* v. *Washington*, 2 Ill. 473; *Webb* v. *Baird*, 6 Ind. 13.

*J. F. Wendell*, for Respondent, relied upon *Rowe* v. *Yuba County*, 17 Cal. 61.

---

[No. 10,156.]

## EX PARTE LE BUR.

FEDERAL PRISONER IN STATE PRISON.—A person who has been convicted of a crime against the United States by a Federal Court, and confined in the prison of the State with the consent of the State, is deemed to be in the custody of the Federal authorities.

RELEASE OF FEDERAL PRISONERS BY STATE COURTS.—The courts or judges
of the State have no authority to release a prisoner upon a *habeas corpus*
when the prisoner is in the custody of the authorities of the United
States, pursuant to a judgment of conviction by a Federal tribunal of
exclusive jurisdiction in the case.

APPLICATION to Mr. Chief Justice WALLACE to be dis-
charged on *habeas corpus* from imprisonment in the State
Prison of the State of California. The return of Ramualdo
Pacheco, Warden of the State Prison, shows that in the
year 1868 the prisoner was convicted in the Circuit Court
of the United States for the District of Oregon of the crime
of aiding and being accessory to and of robbing the United
States mails, and sentenced to be imprisoned, at hard labor,
for the term of ten years; that the prisoner is detained by
the said Pacheco under and in pursuance of certified copies
of the judgment and order of commitment, and of a certified
copy of a message from the Hon. O. H. Browning, Secre-
tary of the Interior, to the United States Marshal for the
District and State of Oregon, designating the State Prison
of California as the place of confinement, and ordering the
Marshal to remove the prisoner to the State Prison at San
Quentin. The judgment, after naming the term of con-
finement as above stated, concluded with this order:

"It appears to the Court that there is no law of the State
of Oregon authorizing persons sentenced to be imprisoned
by this Court to be confined in the penitentiary of the
State, it is ordered that the sentence of imprisonment here-
by imposed upon the defendant be executed by imprison-
ing him for the term aforesaid in the county jail of Mult-
nomah County, in the State aforesaid, until further order."

The commitment recited the order in the judgment, and
directed the Marshal to deliver the prisoner "to the keeper
of the county jail of said county of Multnomah, in the
State aforesaid, there to be safely kept by him, the said
keeper, in close confinement until he be discharged by due
course of law, or until further order."

The telegraphic message from the Secretary of the Inte-
rior was as follows:

"WASHINGTON, March 3, 1869.  )
"Received at Portland, March 3, 1869—9 A. M. ∫
" *To Albert Zieber, Marshal U. S.:*
"Transport to California Penitentiary    *    *    William
Le Bur.    *    *    *
    (Signed)          " O. H. BROWNING, Secretary."

The copies of the judgment, order of commitment and telegram, were certified by the Clerk of the Court.

*F. M. Pixley,* for Petitioner.

The return does not show any authority for detaining the prisoner. The Warden is the agent of the State, not of the United States; and it appears by the judgment and the order of commitment that the prisoner was ordered to be confined in the county jail of Multnomah County, Oregon, "until further order." That means until further order of the Court, for the power to designate the place of confinement is a judicial function, and the designation of the place is a necessary part of the sentence, as much so as the fixing of the term. The Secretary of the Interior, being an executive officer, has no power to change the place of imprisonment designated by the Court. No order was ever made by the Court removing the prisoner to this State, and, therefore, he is not lawfully detained here. But, if the Secretary of the Interior be held to have the power to change the place, there is no evidence that he has done so, for the telegram is not authenticated by the seal of the Secretary's office, nor certified by any one having authority to attest its authenticity.

*Walter Van Dyke,* United States District Attorney, for Respondent.

A State Court cannot issue the writ of *habeas corpus* where the party imprisoned is in custody under the authority of the United States. If he is wrongfully imprisoned, the Federal tribunals alone can release him. (*Ableman* v. *Booth and the United States,* 21 How. U. S. 506.)

The prisoner is in the custody of the respondent under the authority of the United States. The telegram of the

Secretary of the Interior is sufficient to authorize the imprisonment of the prisoner by the respondent. It is of necessity without a seal, for such a message cannot be transmitted with a seal. The Secretary has authority to designate places of confining prisoners. (2 Brightley's Digest of U. S. Laws, p. 164, Sec. 56; Id. p. 182, Sec. 55.)

The power of designating the place is an executive function merely, not judicial. When the sentence is passed by the Court its power over the prisoner is exhausted, and all that remains is to execute the sentence. That must be done by executive officers. To hold that the place cannot be changed without an order of the Court would be to render executive officers powerless to act in cases of emergency, such as fires, etc.

Mr. Chief Justice WALLACE, said:

The prisoner is detained in custody by the authorities of the Government of the United States, by virtue of the judgment rendered by the United States Court in Oregon, and it is not claimed that the term of his imprisonment has expired. The circumstance that he is imprisoned at the State Prison and in the keeping of its warden is of no import in this respect, for these are but the agencies and means of his confinement adopted by the United States by the consent of the State.

The petitioner being a prisoner held by the authorities of the Government of the United States, by virtue of the judgment of a Federal Court of exclusive jurisdiction in the case, it is my duty under the statutes of the State to remand him. (Penal Code, Sec. 1,486.)

It is there provided that if the time during which a party may be legally detained in custody has not expired, he must be remanded if he appear to be detained in custody " by virtue of process issued by any Court or Judge of the United States in a case where such Court or Judge has exclusive jurisdiction.

In *Ableman* v. *Booth* (21 How. U. S. 523), the question of the power of the State courts to deal with persons detained as the petitioner is, was discussed by Mr. Chief Justice

TANEY with his accustomed ability, and it was there held that when the return to the writ is made, and the State Court or Judge is judicially apprised that the party is in custody under the authority of the United States, they can proceed no further. "They then know," says the Chief Justice, "that the prisoner is within the dominion and jurisdiction of another government, and that neither the writ of *habeas corpus* nor any other process issued under State authority, can pass over the line of division between the two sovereignties. He is then within the domain and exclusive jurisdiction of the United States. If he has committed an offense against their laws, their tribunals alone can punish him. If he is wrongfully imprisoned, their judicial tribunals can release him and afford him redress.

The petitioner must be remanded, and it is so ordered.