*Ex Parte* JUAN ANTONIO CORRETJER, peticionario.

Núm. 105.—*Sometido:* Junio 16, 1936. *Resuelto:* Junio 18, 1936.

212

*P. Albizu Campos. Gilberto Concepción de Gracia, Juan Valldejuli Rodríguez, Federico E. Virella* y *J. M. Toro Nazario,* abogados del peticionario.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Juan Antonio Corretjer por medio de sus abogados presentó ante esta Corte Suprema en la tarde del jueves 11 de junio actual una solicitud de hábeas corpus alegando substancialmente que se hallaba recluído en la cárcel del distrito de San Juan bajo la custodia de su alcaide Andrés A. Lugo, habiéndolo conducido a ella Donald A. Draughon y Stanley Sheppard, márshal y submárshal respectivamente de la Corte de Distrito de los Estados Unidos para Puerto Rico, a virtud de auto de prisión expedido por Robert A. Cooper en su carácter de juez de dicho tribunal.

Califica su detención y prisión de ilegales y sigue exponiendo los hechos que culminaron en la sentencia dictada por la Corte Federal declarándolo culpable de desacato e imponiéndole un año de prisión en la cárcel de distrito de San Juan.

Expone los motivos que tiene para calificar de ilegal su prisión, invoca la jurisdicción de esta corte para expedir autos de hábeas corpus, se refiere al hecho de haberse negado a expedirlo en este mismo caso la Corte de Distrito de San Juan, llama la atención hacia determinada actitud del Presidente y su gabinete y a la presentación de cierto proyecto de ley en el Senado de los Estados Unidos en relación con esta Isla y termina suplicando que se ordene al alcaide Lugo que traiga al peticionario ante esta corte para que sea investigada la causa de su prisión, permitiéndosele entre tanto permanecer en libertad bajo fianza.

La solicitud fué considerada por el tribunal en pleno en la mañana del 12 de junio en curso, siendo nuestra primera impresión declararla de plano sin lugar, especialmente después de haber leído la razonada opinión emitida por el Juez de Jesús de la Corte de Distrito de San Juan negando la expedición del auto.

Sin embargo, tratándose como se trataba del ejercicio del derecho de hábeas corpus y no existiendo precedentes dentro de la corte misma, preferimos oír por escrito a los abogados del peticionario sobre la cuestión de jurisdicción envuelta y al efecto concedimos un plazo de cuatro días. Se ha presentado en efecto un alegato que ha sido estudiado cuidadosamente y que no altera nuestra primera impresión.

Por virtud del Tratado de París celebrado entre los Estados Unidos de América y España, proclamado en Washington en 11 de abril de 1899, España cedió a Estados Unidos la Isla de Puerto Rico que los Estados Unidos gobernaron militarmente hasta el primero de mayo de 1900 en que comenzó a regir la primera Carta Orgánica decretada por el

Congreso y aprobada en abril 12, 1900 (31 Stat. L., p. 77, Comp. 6611-6651).

Puerto Rico quedó desde entonces convertido en un territorio americano organizado aunque no incorporado al seno de la Unión.

Prescribió el artículo 33 de la constitución del territorio que el poder judicial residiría en las cortes y tribunales de Puerto Rico establecidos ya y en ejercicio creados a virtud de órdenes generales del gobierno militar, entre los cuales se encontraba esta Corte Suprema.

Seguidamente por la sección 34 se ordenó que Puerto Rico constituiría un distrito judicial denominado ''el Distrito de Puerto Rico'', debiendo nombrar el Presidente para el mismo un Juez de Distrito, un Fiscal y un Márshal que constituirían la ''Corte de Distrito de los Estados Unidos para Puerto Rico''—sucesora de la Corte Provisional de los Estados Unidos establecida por el gobierno militar—con igual jurisdicción que las Cortes de Distrito de los Estados Unidos, decretándose que ''las leyes de Estados Unidos referentes a apelaciones, recursos por causa de error, o por violación de ley, de *certiorari,* traslación de causas y otros asuntos y procedimientos, que rigen para las cortes de los Estados Unidos respecto a las cortes de los distintos Estados, regirán también para todos los asuntos y procedimientos entre la Corte de los Estados Unidos y las Cortes de Puerto Rico.''

Por la sección 35 se regularon los recursos por causa de error o por violación de ley y las apelaciones de las decisiones finales del Tribunal Supremo de Puerto Rico y de la Corte de Distrito de los Estados Unidos para ante el Tribunal Supremo de los Estados Unidos.

Y así quedó instaurado en esta isla no ya desde que el Congreso le dió una forma de gobierno civil territorial si que desde que fué ocupada y gobernada militarmente, un sistema de cortes de justicia semejante si no idéntico al de cortes federales y estaduales que rige en los Estados Unidos de América.

La segunda Ley Orgánica—la aprobada en marzo 2, 1917 —conservó la forma territorial de gobierno con sus cortes de justicia insulares y federales, haciéndola en algunos extremos más armónica aún con la forma de gobierno genuinamente norteamericana.

Siendo ello así, debe concluirse y se concluye que es aplicable a este caso la jurisprudencia establecida por las cortes del continente resolviendo cuestiones similares.

Puede encontrarse alguna discrepancia en esa jurisprudencia antes de que la Corte Suprema nacional interviniera. Después, los campos de jurisdicción de las cortes de los estados y territorios de la Unión y los de las cortes federales quedaron tan clara y definitivamente deslindados, que apenas se concibe que pueda surgir conflicto alguno.

Hace cerca de noventa años dicha Corte Suprema nacional por voz de su Juez Presidente Roger B. Taney, en los casos de *Ableman* v. *Booth* y *United States* v. *Booth,* 62 U. S. 506, 523, 524, se expresó así:

"No ponemos en tela de juicio la autoridad de una corte estadual o de un juez que esté autorizado por las leyes estaduales a expedir el auto de hábeas corpus, para librarlo en cualquier caso en que la parte esté encarcelada dentro de sus límites territoriales, siempre y cuando no aparezca de la petición que la persona encarcelada está bajo custodia por la autoridad de los Estados Unidos. La Corte o el juez tiene el derecho a investigar, en esta clase de procedimiento, por qué causa y por qué autoridad el prisionero está confinado dentro de los límites territoriales de la soberanía del estado. Y es el deber del márshal, o de la persona que tenga la custodia del prisionero, hacer saber al juez o a la corte, mediante el debido diligenciamiento, la autoridad por la cual lo retiene bajo custodia. Este derecho de investigar por un procedimiento de hábeas corpus, y el deber del oficial de efectuar el diligenciamiento, surgen necesariamente del carácter complejo de nuestro gobierno, y de la existencia de dos soberanías distintas y separadas dentro del mismo límite territorial, cada una de ellas restringida en sus poderes y cada una dentro de su esfera de acción, prescrita por la Constitución de los Estados Unidos, independientemente de la otra. Pero luego de hecho el diligenciamiento y de notificado judicialmente el juez o la corte estatal de que

la parte está detenida bajo la autoridad de los Estados Unidos, ellos no pueden seguir adelante. Entonces saben que el reo está dentro del dominio y jurisdicción de otro gobierno, y que ni el auto de hábeas corpus ni ningún otro procedimiento expedido bajo la autoridad del estado pueden trascender la línea divisoria existente entre las dos soberanías. Él está entonces dentro del dominio y exclusiva jurisdicción de los Estados Unidos. Si ha cometido un delito contra sus leyes, solamente sus tribunales pueden castigarlo. Si está erróneamente encarcelado, sus tribunales judiciales pueden ponerlo en libertad y concederle un remedio. Y aunque, como hemos dicho, es el deber del márshal o de la persona que le tiene detenido, hacer saber, mediante el debido diligenciamiento, la autoridad por la cual le detiene, es a la par su deber imperativo obedecer el procedimiento de los Estados Unidos, retener al prisionero bajo su custodia, y negarse a obedecer el mandato u orden de cualquier otro gobierno. Y por consiguiente es su deber no llevar al prisionero, ni permitir que sea llevado, ante un juez o corte del estado por un hábeas corpus expedido bajo la autoridad estatal. Ningún juez o corte de estado, después de ser informado judicialmente que la parte está encarcelada por autoridad de los Estados Unidos, tiene derecho a intervenir con él, o a requerirle para que se le traiga a su presencia. Y si la autoridad de un estado, en la forma de un procedimiento judicial o de otro modo, tratara de controlar al márshal u otro oficial o agente autorizado de los Estados Unidos, en cualquier respecto, en la custodia de su prisionero, será su deber resistirse a ello, y llamar en su ayuda cualquier fuerza que pudiera ser necesaria para mantener la autoridad de la ley en contra de cualquier interferencia ilegal. Ningún procedimiento judicial, sea cual fuere la forma que asuma, puede tener autoridad legal más allá de los límites de la jurisdicción de la corte o juez que lo expide; y toda tentativa de hacerlo cumplir más allá de sus fronteras, no es otra cosa que una violencia ilegal.'' Ableman v. Booth y United States v. Booth, 62 U. S. 506, 523, 524.

Algunos años después la jurisprudencia establecida quiso distinguirse limitándola a los casos en que el prisionero estuviera detenido bajo la indisputable autoridad de los funcionarios del gobierno federal, dando de tal modo entrada a las cortes de los Estados para intervenir y juzgar la cuestión y el asunto fué llevado de nuevo a la Corte Suprema y ésta,

por medio entonces de su Juez Asociado Stephen J. Field, se negó a ello enfáticamente, como sigue:

"En las decisiones se han hecho algunas tentativas y a ellas se ha llamado nuestra atención, para limitar la opinión emitida por esta Corte en Ableman *v.* Booth, y The United States *v.* Booth, a casos en que el prisionero es retenido bajo custodia por indiscutible autoridad legal de los Estados Unidos en contraposición a su encarcelamiento so color de dicha autoridad. Pero es evidente que la decisión no admite tal limitación. Hubiera sido innecesario poner en vigor, ampliando el razonamiento en la forma en que lo hace el juez presidente, la posición de que cuando es evidente al juez o funcionario que expide el auto que el reo está detenido por indisputable autoridad legal, no debe seguir adelante. Ningún juez federal puede, aún en tal caso, exonerar a la parte del encarcelamiento, excepto mediante fianza cuando la misma es permisible. Siendo la detención por autoridad legal admitida, ningún juez puede poner en libertad al prisionero, excepto en esa forma, no importa cuál sea el estado del proceso. Cuanto se quiere decir por el contexto usado es que el juez o la corte del estado no debe seguir adelante cuando aparece, de la petición de la parte, o del diligenciamiento hecho, que el prisionero está retenido por un oficial de los Estado Unidos bajo algo que, en verdad, supone ser la autoridad de los Estados Unidos; esto es, una autoridad cuya validez ha de determinarse por la Constitución y las leyes de los Estados Unidos. Si una persona así detenida está ilegalmente encarcelada, es a las cortes o funcionarios judiciales de los Estados Unidos a quienes corresponde, solamente, concederle un remedio." Tarble's Case, 80 U. S. 397, 410, 411.

En su consecuencia, apareciendo de la propia solicitud que el peticionario se encuentra preso a virtud de una sentencia del juez que preside la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico, ejecutada por el Márshal de la misma, esta Corte Suprema no tiene derecho a intervenir en el asunto.

La administración de la justicia no sufre interrupción ni daño algunos. Sólo se resuelve que la obra de dar lo que sea suyo al peticionario no corresponde en este caso a las cortes insulares. Corresponde a las cortes federales cuya his-

toria de imparcialidad al par que de firmeza es de todos conocida.

■ Nada más deberíamos decir. La resuelta es la cuestión fundamental envuelta. Todas las otras accesorias levantadas carecen de fundamento sólido.

Es cierto que el Congreso—artículo 48 de la Ley Orgánica según fué enmendado en marzo 4, 1927—autorizó a este Tribunal Supremo y a las Cortes de Distrito de Puerto Rico y a los respectivos jueces de los mismos para expedir autos de hábeas corpus ''en todos los casos en que dichos autos puedan concederse por los jueces de distrito de los Estados Unidos'', pero esa autorización sólo puede interpretarse como una norma de las diferentes situaciones en que las cortes insulares dentro de su propio campo de acción pueden y podrían actuar aunque no existiera ley alguna decretada por la Legislatura de Puerto Rico sobre la materia.

Una interpretación que permitiera a las Cortes Insulares y a sus jueces invadir el campo ocupado por la Corte Federal sancionada y regulada por la propia Ley Orgánica, desnaturalizaría el sistema judicial existente y crearía graves conflictos. No sólo sería esa interpretación contraria al espíritu general de la Ley Orgánica vigente, si que también a la expresa disposición contenida en la sección 42 de la misma, a saber:

''Las leyes de los Estados Unidos referentes a apelaciones, recursos por causa de error o por violación de ley y de *certiorari*, traslación de causas, y a otras cuestiones o procedimientos que rigen para las Cortes de los Estados Unidos respecto a las Cortes de los distintos Estados, regirán también para tales cuestiones y procedimientos entre la Corte de Distrito de los Estados Unidos y las Cortes de Puerto Rico.''

■ La presentación de un proyecto de ley en el Senado, aunque su aprobación se recomiende por el Poder Ejecutivo, no convierte dicho proyecto en ley, ni afecta el *status* de las leyes en vigor que son las que regulan los actos realizados bajo el imperio de las mismas. Ninguna influencia, pues, pueden

tener en la resolución de este caso las alegaciones que en esa dirección contiene la solicitud.

En el alegato presentado se hace énfasis en el hecho de que el funcionario que tiene actualmente bajo su custodia al peticionario no es un funcionario federal sino insular. Se invoca la autoridad de 29 C. J. 124: "Cuando la detención es ejercida por funcionarios estatales so color de autoridad federal, las cortes del estado pueden considerar procedimientos de hábeas corpus."

El párrafo completo es como sigue:

"La jurisdicción para expedir autos de hábeas corpus conferida a las cortes estatales por las leyes del estado no se extiende a exonerar de la custodia a personas detenidas por funcionarios de los Estados Unidos so color de autoridad de la leyes de los Estados Unidos, aunque anteriormente muchas cortes estatales sostuvieron la regla de que las cortes de los estados podían, en procedimientos de hábeas corpus, determinar la legalidad de la detención por autoridad federal. Aun cuando la detención sea de hecho ilegal, la legalidad del encarcelamiento será determinada por las cortes o funcionarios judiciales de los Estados Unidos. Cuando no aparece en la solicitud que la detención es por autoridad federal, la corte estatal puede librar el auto y proceder a la investigación para satisfacerse suficientemente de la naturaleza de la autoridad para la detención. Cuando la detención es ejercida por funcionarios estatales so color de autoridad federal, las cortes del estado pueden considerar procedimientos de hábeas corpus." 29 C. J. 123, 124.

Como puede verse la cita no tiene el alcance que el peticionario pretende. La cuestión ha sido además resuelta claramente en contra de su contención en *Ex parte Le Bur,* 49 Cal. 159, 162, en cuyo caso el Juez Presidente William T. Wallace de la Corte Suprema de California se expresó, en parte, así:

"El reo está detenido bajo custodia por las autoridades del Gobierno de los Estados Unidos a virtud de la sentencia dictada por la Corte de los Estados Unidos en Oregon y no se sostiene que el término de su reclusión haya expirado. La circunstancia de que esté confinado en una prisión del estado y bajo la custodia de su alcaide carece de importancia a este respecto, pues éstos no son otra

cosa que agencias y medios para su reclusión adoptados por los Estados Unidos con el consentimiento del estado.

"Siendo el peticionario un prisionero detenido por las autoridades del Gobierno de los Estados Unidos, a virtud de sentencia dictada por una corte federal con jurisdicción exclusiva en el caso, es mi deber, en armonía con los estatutos del estado, tenerle recluído. Código Penal, sección 1486."

El caso de *Passett* v. *Chase,* 107 So. 689, resuelto por la Corte Suprema de Florida en marzo 18, 1926, en el que tanto descansa el peticionario es bien distinto al presente.

En dicho caso Isidore Passett fué arrestado por el *sheriff* del condado de Date, Estado de Florida, y puesto en prisión en la cárcel de Miami, Florida. Solicitó un auto de hábeas corpus a la corte de circuito del condado y su diligenciado mostró que se mantenía al peticionario en prisión por virtud de un mandamiento expedido por el Juez Presidente de la Corte Suprema del Distrito de Columbia que no describía ningún delito pero ordenaba que el acusado Passett, "si se encuentra en su distrito" sea detenido y llevado ante la corte criminal de dicho distrito para responder al delito de que se le acusaba. Unida al mandamiento había una copia de la acusación formulada contra el peticionario por haber rehusado mantener al menor de siete años Wallace Passett "contrario a la ley para tal caso hecha y prevista y a la paz y al gobierno de los Estados Unidos."

El auto fué negado y el peticionario apeló para ante la Corte Suprema del estado que revocó la negativa y devolvió el caso a la corte de su origen con instrucciones de poner en libertad al peticionario.

Basada en esos hechos la Corte Suprema estatal estableció la siguiente jurisprudencia:

"Un mandamiento librado por la Corte Suprema del Distrito de Columbia, dirigido al márshal de tal distrito, no confiere autoridad alguna al márshal de la corte de distrito de los Estados Unidos para el distrito sur de Florida ni al alguacil de ningún condado dentro de tal distrito, que efectúa el arresto de conformidad con el mismo."

"Una corte estadual no tiene derecho a considerar una petición de hábeas corpus, ni a declararse con jurisdicción en la misma, en favor de un acusado detenido por un funcionario federal bajo y por virtud de proceso y autoridad federales o so color de los mismos."

"Si al radicarse una solicitud de hábeas corpus ante una corte estadual, se desprende que la persona que se alega estar ilegalmente privada de su libertad, está detenida por autoridad o so color de autoridad de los Estados Unidos por un funcionario de dicho gobierno, debe denegarse el auto. Si este hecho no se desprende, el juez del estado tiene derecho a investigar la causa de la prisión y a determinar por qué autoridad la persona es detenida dentro de los límites del estado, y es el deber del márshal o del funcionario federal que tiene bajo la custodia al reo dar, mediante el debido diligenciamiento, información a este respecto. Mas, luego de haber sido informado el juez del estado a virtud del diligenciamiento de que la persona está detenida por un funcionario de los Estados Unidos por autoridad, o so color de autoridad de los Estados Unidos, éste no puede seguir adelante, sino que debe dejar la cuestión de la ilegalidad del encarcelamiento a la determinación de las cortes o funcionarios judiciales de los Estados Unidos."

"Pero la corte estadual tiene jurisdicción en hábeas corpus de casos en que la persona que se supone estar ilegalmente restringida de su libertad se halla bajo la custodia de un funcionario estadual so color de autoridad federal, pero sin autoridad real para ello; y cuando se desprende que ello es así, y que tal funcionario estadual detiene a la persona bajo un procedimiento federal nulo que no le otorga autoridad alguna para arrestarle o para tenerle bajo su custodia, la corte estadual tiene el poder y la jurisdicción, y entonces es su deber hacerlo así, ordenar que se libre al acusado de tal custodia ilegal; y esto es especialmente así, cuando como ocurre en este caso la corte del estado ante la cual están pendientes los procedimientos de hábeas corpus tiene ante sí a un funcionario de la misma corte."

Como puede verse, el principio fundamental fijado finalmente por la Corte Suprema de los Estados Unidos se reconoce y aplica en toda su amplitud. Ello se desprende con mayor claridad aun de la lectura de la extensa opinión de la Corte emitida por su Juez Presidente Armstead Brown.

Pudo y debió intervenir la corte estatal en dicho caso porque el mandamiento expedido en el Distrito de Columbia no

tenía validez en Florida. Allí se trataba de una persona detenida en una cárcel de un estado por un *sheriff* del estado a virtud de un mandamiento expedido fuera del estado, mientras que aquí se trata de una persona detenida por un márshal de una corte federal a virtud de una sentencia dictada por dicha corte recluída en una cárcel local situada dentro del propio distrito de la corte. Bajo esas circunstancias no es la regla del caso de Florida la que rige sino la del de California que dejamos transcrita.

Por último parece conveniente esclarecer que una corte o juez ante los cuales se presente una petición de hábeas corpus no están obligados a expedir el mandamiento cuando quedan plenamente convencidos por las propias alegaciones de la petición que su expedición no procede.

La ley es tan fuerte, consagra con tanto vigor el derecho de los ciudadanos a no permanecer en prisión sino de acuerdo con la misma, que expresamente dispone (art. 500 del Código de Enjuiciamiento Criminal) que todo juez que después de habérsele hecho una solicitud en debida forma, se negare a expedir una orden para un auto de hábeas corpus, y todo funcionario o particular, a quien se dirija dicho auto que se negare a obedecer los mandatos del mismo, incurrirán en responsabilidad y pagarán a la persona perjudicada una suma máxima de mil (1,000) dólares, que podrá reclamarse mediante demanda ante cualquier tribunal competente, pero la propia ley (art. 472 del Código de Enjuiciamiento Criminal) dispone que presentada una solicitud interesando el auto de hábeas corpus al tribunal o juez competente para otorgarlo, *si resultare que debe expedirse dicho auto,* tendrá que hacerlo sin demora. Si no resultare, como hemos visto que no resulta en este caso, su claro deber es por el contrario negar la expedición.

*En tal virtud, por falta de jurisdicción, debe dictarse una orden declarando no haber lugar a expedir el auto de hábeas corpus que se solicita.*

El Juez Asociado Señor Córdova Dávila no intervino.