FLORENCIO FLORES VALENTÍN, peticionario y apelante, *v.* J. ANTONIO ALVARADO, JEFE PENITENCIARÍA INSULAR, recucurrido y apelado.

Núm. 9110.—*Sometido:* Abril 3, 1945. *Resuelto:* Abril 30, 1945.

J. A. *Surís Agraít,* abogado del apelante; R. A. *Gómez, Fiscal del Tribunal Supremo,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Florencio Flores Valentín, al ser llamado a juicio el 30 de septiembre de 1943 el caso que contra él pendía en la Corte de Distrito de Mayagüez por un delito de asesinato en segundo grado, solicitó permiso para retirar su petición de juicio por jurado. El fiscal pidió autorización a la corte para rebajar la calificación del delito al de homicidio voluntario, la cual fué concedida. Leídale la acusación imputándole un delito de homicidio voluntario, el acusado, asistido

de su abogado, hizo alegación de culpable y, habiendo renunciado al término para dictar sentencia, fué condenado a tres años de presidio. Apeló para ante este tribunal y su recurso fué desestimado el 8 de mayo de 1944, ingresando en la Penitenciaría Insular en virtud de mandamiento expedido por el secretario de la corte de distrito el 12 de mayo de 1944.

Posteriormente presentó una solicitud de hábeas corpus en la Corte de Distrito de San Juan, alegando que la prisión a que se hallaba sometido en cumplimiento de la sentencia de la Corte de Distrito de Mayagüez era ilegal porque había sido dictada sin jurisdicción sobre su persona. Basó su contención: (*a*) en que el 10 de agosto de 1942 fué sentenciado por la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico a cumplir dos años de presidio, y habiéndolos extinguido el 18 de marzo de 1944, ese mismo día quedó *on probation* sujeto a la jurisdicción de la corte Federal por un término de cinco años, por lo que, según alega, la Corte de Distrito de Mayagüez no podía adquirir jurisdicción sobre su persona sin el consentimiento de la corte federal cuando fué sentenciado por la referida Corte de Distrito de Mayagüez; y (*b*) porque no habiendo prestado la corte federal su consentimiento para que se le juzgara en la corte insular, la sentencia es nula por falta de jurisdicción y consecuentemente se halla ilegalmente privado de su libertad bajo la custodia del jefe de la Penitenciaría Insular.

La corte de distrito, luego de oír a las partes, denegó la petición de hábeas corpus, interponiendo entonces el peticionario esta apelación.

██ No es apropiado decir que en Puerto Rico existen, como en los Estados, dos distintas soberanías, la del Estado y la del Gobierno Federal, pues tanto las cortes insulares como la Federal, en el ejercicio de sus respectivas jurisdicciones, derivan sus poderes de una misma soberanía,

la de los Estados Unidos. *Puerto Rico* v. *Shell Co.*, 302 U. S. 253 (1937). Pero el Congreso de los Estados Unidos, a través de la Ley Orgánica, ha conferido a Puerto Rico muchos de los atributos de la cuasi soberanía que poseen los Estados de la Unión. *Puerto Rico* v. *Shell Co.*, supra. Por esa razón en Puerto Rico se aplican por analogía, en casos de conflicto de jurisdicción entre la corte federal y las insulares, los mismos principios aplicables a los tribunales de los Estados en relación con los federales. *Ex parte Corretjer*, 50 D.P.R. 211, (1936).

■■ Conforme resulta de la petición de hábeas corpus, cuando el apelante fué sentenciado por el delito de homicidio voluntario en la Corte de Distrito de Mayagüez debió hallarse cumpliendo la sentencia de dos años que le había impuesto la corte federal y que extinguió el 18 de marzo de 1944.

"Una persona acusada de delito tiene derecho a un juicio justo e imparcial de acuerdo con las leyes del gobierno cuya soberanía se alega él ha ofendido, pero no tiene derecho a más. No debe permitírsele utilizar la maquinaria de una soberanía para obstruir su juicio en las cortes de la otra, a menos que la necesaria operación de esa maquinaria le impida tener un juicio imparcial. El acusado no puede quejarse si una soberanía renuncia su estricto derecho a mantenerlo en prisión para vindicar sus leyes, para que la otra pueda someterlo a juicio por el crimen contra ella. [Citas.] Tal renuncia es cuestión que descansa exclusivamente en la discreción de la soberanía que la hace y de sus representantes autorizados para hacerla.

"Una persona acusada de delito no puede, por supuesto, hallarse en dos sitios al mismo tiempo. Tiene derecho a estar presente en cada etapa de su juicio en cada jurisdicción, con completa oportunidad de defenderse. [Citas.] Si ese derecho se le concede no tiene motivos de queja. El hecho de que haya cometido dos delitos no le da inmunidad contra prosecución por cualquiera de ellos." *Ponzi* v. *Fessenden*, 258 U. S. 254, 260 (1922).

En el presente caso no aparece del récord qué procedimiento se siguió para sacar de la prisión al apelante para

someterlo a la jurisdicción de la Corte de Distrito de Mayagüez. Sea cual hubiere sido ese procedimiento, es lo cierto que él estuvo presente· en el juicio, y esto fué suficiente para que la corte de distrito adquiriese jurisdicción sobre él, *Robinson* v. *United States,* 144 F. (2d) 392, 396 (1944); *United States ex rel. Voight* v. *Toombs,* 67 F. (2d) 744 (1933), sin que fuera de la incumbencia del acusado el procedimiento a virtud del cual fué traído a la corte insular, pues como antes se ha dicho, esa es una cuestión que concernía exclusivamente a la corte federal y a la insular, y no al acusado. *Ponzi* v. *Fessenden,* supra; *Stamphill* v. *Johnston,* 136 F. (2d) 291 (1943).

El propio acusado alega en su petición que cumplió los dos años de prisión que le impuso la corte federal; lo que demuestra que, una vez sentenciado por la corte insular, fué reintegrado a la prisión para continuar cumpliendo la sentencia impuéstale por la corte federal, y que después de extinguida ésta y mientras se hallaba *on probation* fué que empezó a cumplir la que le impuso la corte insular. Nada impedía que extinguida la sentencia de prisión de la córte federal, empezase el acusado a cumplir la impuéstale por la corte insular. El hallarse *on probation* no le concedía inmunidad alguna para impedir el ser recluído en prisión en cumplimiento de la sentencia impuéstale por la corte insular.

*No siendo ilegal la prisión a que actualmente se halla sometido el apelante, procede confirmar la sentencia apelada.*